UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | : : : | MDL Docket No. 1332 Hon. J. Frederick Motz |
| This Document Relates To: All Actions. | : : : | |

### MICROSOFT'S OPPOSITION TO DELL'S RENEWED MOTION FOR COSTS AND ATTORNEYS' FEES

Microsoft submits this memorandum in opposition to the Renewed Motion filed by Dell Computer, Inc. ("Dell"), in which Dell seeks an increased award of costs and fees associated with its compliance with document subpoenas served in this case and in the California Coordination Proceeding. Dell's Motion is effectively a motion for reconsideration of an order issued by Discovery Referee Charles Renfrew six months ago. As acknowledged by Dell in the instant Motion, Judge Renfrew, *acting as Discovery Referee in the MDL action*, decided in June the precise issues now raised by Dell. With Dell's specific consent to Judge Renfrew deciding that original motion, Judge Renfrew ruled that California Evidence Code section 1563(b) provides a "sufficient and reasonable" reimbursement rate for Dell's subpoena-related costs for purposes of Rule 45 of the Federal Rules of Civil Procedure. Dell now belatedly challenges Judge Renfrew's determination. This Court should deny Dell's unreasoned and unreasonable attempt to relitigate these already-decided issues.

Dell's Motion fails for at least three compelling reasons. *First*, Dell ignored the procedures for seeking a timely review of Judge Renfrew's June order and suggests no justification for waiting nearly six months to raise the same issues before this Court. *Second*, Judge Renfrew's decision on the issue was (and remains) entirely reasonable and

proper. In that regard, Dell ignores altogether the clearly erroneous standard that exists for review of Judge Renfrew's rulings – electing instead simply to restate the arguments it made in its original motion. Judge Renfrew's ruling is a reasonable, practical and equitable resolution of the issue of Dell's reimbursement for its subpoena responses. *Third*, Dell ignores entirely the fact that Microsoft sought the documents at issue from Dell under a subpoena in the California action, as well as pursuant to a federal subpoena. At the time Dell filed its original motion, Microsoft pointed out that requiring it to pay more than the California statutory rates for reimbursement would be inequitable since Microsoft could have proceeded with discovery pursuant only to its California subpoena. The point became moot, however, when Judge Renfrew decided the reimbursement issues as he did. To reverse Judge Renfrew's ruling now, and decline to apply the California standard that Microsoft could have had applied simply by withdrawing its federal court subpoena, would be both improper and unfair. Dell's current Motion borders on the frivolous and should be denied in its entirety.

**I.      Background**

    **A.      Dell's Original Motion**

In May of this year, Dell filed a motion in this Court seeking a protective order pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* Declaration of Joren Bass ("Bass Dec."), Ex. A (Non-Party Dell Computer, Inc.'s Motion For Protection From Significant Expense In Complying With Burdensome Discovery Subpoena (May 14, 2001)). Dell argued that compliance with subpoenas served on it by the parties to this and the California proceeding would subject it to "significant expense" as that term is used in Rule 45. Specifically, Dell argued that response to the subpoenas would be expensive because the parties subpoenaed a large number of documents; that response to the subpoenas would be burdensome because the parties' document requests and Dell's files were organized in different ways; and that the reimbursement rate allowed under

California law provided Dell insufficient compensation to satisfy the requirements of Federal Rule 45. Dell, therefore, sought payment for the costs and legal fees of responding to the subpoenas, including payment of fees charged by its outside counsel. *See generally* Bass Dec. Ex. A (Dell's original motion, in which Dell makes precisely the same arguments that it makes in its current renewed Motion.)

Dell and the parties then agreed that Dell's motion would be heard by the Honorable Charles Renfrew, serving as Discovery Referee in both this case and the California proceeding. *See* Bass Dec., Ex. B at 2 (email from Susan Podolsky, Dell's counsel, stating that "by agreement of the parties, Dell's Motion . . . was referred to Judge Renfrew for resolution"). In early June 2001, after considering the parties' and Dell's oral arguments and written submissions, Judge Renfrew issued two separate orders on Dell's motion, one in the California Coordinated Proceeding and a separate one in the MDL proceeding. *See* Bass Dec., Ex. C (Judge Renfrew's order in MDL action); Ex. D (Judge Renfrew's order in California action). With respect to parties who had issued subpoenas in the California action (including Microsoft), Judge Renfrew ruled that Dell should be reimbursed based on the amounts set forth in California Evidence Code section 1563, which specifically defines the "reasonable costs" a witness may recover when responding to a subpoena. *See* Cal. Evid. Code § 1563(b)(1) (*e.g.*, $24 per hour for clerical costs in locating and making documents available). In the MDL action, Judge Renfrew ruled that the reimbursement amounts listed in section 1563 – although not specifically applicable under Federal Rule 45 – provided Dell with reasonable reimbursement in complying with subpoenas issued pursuant to Federal Rule 45. *See* Bass Dec. Ex. C at 1. According to Judge Renfrew, "I find under the circumstances presented here, which include substantially overlapping subpoenas in both actions and coordinated production of documents by Dell, that the amounts set forth in Calif. Code

§ 1563 represent a sufficient and reasonable reimbursement of Dell's significant costs of production under Federal Rule 45." *See id.*, Ex. C at 1.

### B.   Dell's Renewed Motion

Now, in this renewed Motion, Dell seeks the same result sought unsuccessfully in its original motion. In fact, other than providing somewhat more detailed information about the expenses incurred responding to the subpoenas, Dell's renewed Motion simply reasserts the same arguments and cites the same cases that Judge Renfrew considered and rejected in the original motion. *Compare* Dell's Renewed Motion *with* Bass Dec. Ex. A (Dell's original motion). Dell's renewed motion contains nothing of substance new – nothing to suggest Judge Renfrew's ruling was improper or unreasonable.

## II.   Dell's Renewed Motion Ignores The Procedures Required To Appeal A Ruling Of Discovery Referee Renfrew.

Dell's renewed motion does not even address the fact that it is now seeking to relitigate the precise issues resolved by Judge Renfrew's ruling on Dell's original motion. Likewise, Dell ignores entirely the fact that it consented to Judge Renfrew's ruling on the issue and ignores both the proper procedure and the controlling legal standard required to challenge a ruling of the Discovery Referee. Those issues are themselves dispositive of Dell's Motion.

Judge Pollock's Order appointing Judge Renfrew as Discovery Referee in the California proceeding provides that any written order resolving a discovery dispute issued by Judge Renfrew "will become the final order of the Court unless, within ten (10) court days from the date the written order is received, a party or third-party files and serves a notice that it intends to seek review by the court." *See* Bass Dec., Ex. E (Order of Reference Re Discovery and Appointing Discovery Referee ¶ 10 (California Coordinated Proceeding (Apr. 28, 2000)). Here, Judge Renfrew ruled on Dell's original motion on June 1, 2001. But, instead of following the required procedure – and citing no

justification for its effort to relitigate a long-settled issue – Dell waited nearly six months to file this Motion. This unexplained delay, which should be fatal under any imaginable, rational procedure for seeking reconsideration, should result in denial of Dell's motion.

Just as important, Dell has failed to demonstrate that Judge Renfrew's ruling on Dell's original motion was "clearly erroneous or contrary to law," as required to overturn a discovery ruling by the Discovery Referee. *See* Bass Dec. Ex. E ¶ 11. Although Dell repeats the substantive arguments and legal authorities presented to Judge Renfrew, nothing in those authorities or in Dell's arguments remotely suggests that Judge Renfrew's decision was contrary to any settled law. As such, Dell's substantive arguments on this Motion are beside the point and merit no consideration.

### III.  Judge Renfrew's Ruling Correctly Interpreted Rule 45

#### A.  Judge Renfrew's Ruling On Dell's Original Motion Correctly Resolved The Issues Before The Court

Pursuant to Federal Rule 45, Judge Renfrew determined that under the circumstances of this litigation, the amounts listed in California Evidence Code section 1563 provided Dell "sufficient and reasonable reimbursement" for the costs it incurred responding to the subpoenas. *See* Bass Dec. Ex. C at 1. Judge Renfrew was correct.

Neither Rule 45 nor case law interpreting the rule mandates any particular outcome with respect to nonparties' requests for compliance costs. As one of the decisions Dell relies on recognizes, "'protection from significant expense' [as that term is used in Rule 45] does not mean that the requesting party necessarily must bear the *entire* cost of compliance." *In re The Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992). In addition, as the Seventh Circuit has recognized, Rule 45 gives "trial courts considerable discretion in determining whether expense-shifting in discovery production is appropriate in a given case." *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996). Here, no precedent is inconsistent with Judge Renfrew's ruling, particularly in light of the

coordinated nature of these proceedings. Although Judge Renfrew's ruling apparently leaves Dell to bear a portion of the subpoena compliance costs, his ruling was a proper exercises of the discretion granted him by Rule 45.

More specifically, Judge Renfrew reasonably determined that Dell should bear a portion of the subpoena compliance costs. As Judge Renfrew noted when making his oral ruling on Dell's original motion, Dell is more than a disinterested bystander to these proceedings. Dell has an interest in the outcome of the litigation and certainly has the ability to bear some portion of the cost of compliance. Judge Renfrew further noted the need to ensure that non-parties do not restrict the public's access to important evidence. As such, Judge Renfrew made the reasonable determination that the cost-sharing resulting from application of California Evidence Code section 1563(b) was appropriate and fair.[1]

### B. No Basis Exists To Force Microsoft To Pay A Higher Response Cost Than Provided For In California Evidence Code Section 1563

It would be particularly inequitable to reverse Judge Renfrew's ruling now, nearly six months after the original motion and after completion of Dell's production. Microsoft sought discovery from Dell through a subpoena issued in the California proceeding as well as through a subpoena in this action. Dell was therefore required to produce the documents under the terms of the California subpoena and as regulated by California law, including Evidence Code section 1563. Refusing to apply section 1563 to Microsoft's reimbursement obligations would be tantamount to holding Microsoft's California

---

[1] The California coordinating discovery order mandates the award of attorneys fees where one of Judge Renfrew's orders is affirmed on appeal, "unless the Court finds that the request for review was substantially justified." *See* Bass Dec. Ex. E ¶ 11. Here, Dell's appeal is without substantial justification. As discussed above, Dell failed to follow the appeal procedure mandated by the coordinating order and has failed to demonstrate why Judge Renfrew's ruling was clearly erroneous or contrary to law. As such, Dell should pay the parties' reasonable expense incurred responding to Dell's renewed motion.

subpoena unenforceable, merely because Microsoft also issued a subpoena in the MDL action. It would be all the more unfair, because but for its reliance on Judge Renfrew's ruling, Microsoft could have withdrawn its federal subpoena (relying only on its California subpoena), mooting this motion altogether as to Microsoft.

        Respectfully submitted,

        By: *Joseph J. Matelis \ JSB*
        Joseph J. Matelis
        Sullivan & Cromwell
        1701 Pennsylvania Avenue, N.W.
        Washington, DC 20006-5805

        Michael Lacovara
        Sullivan & Cromwell
        1870 Embarcadero Road
        Palo Alto, CA 94303-3308

        *Attorneys for Microsoft Corporation*

December 10, 2001

## CERTIFICATE OF SERVICE VIA U.S. MAIL AND FACSIMILE

I, Clare Tran, declare as follows:

I am employed with the law firm of Heller Ehrman White & McAuliffe LLP, whose address is 275 Middlefield Road, Menlo Park, CA 94025. I am readily familiar with the business practices of this office for collection and processing of correspondence for delivery via U.S. Mail and Facsimile. At the time of delivery and transmission I was at least eighteen years of age and not a party to this action.

On December 10, 2001 by U.S. Mail and Facsimile, I served a copy of the within document:

**MICROSOFT'S OPPOSITION TO DELL'S RENEWED MOTION FOR COSTS AND ATTORNEYS' FEES**

**BASS DECLARATION IN OPPOSITION TO DELL'S RENEWED MOTION FOR COSTS AND ATTORNEYS' FEES**

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope via U.S. Mail addressed as indicated below:

| | |
|---|---|
| R. Stephen Berry<br>J. Daniel Leftwich<br>Michael J. Quinn<br>Gregory Baruch<br>BERRY & LEFTWICH<br>2000 K Street, N.W., Suite 350<br>Washington, D.C. 20006 | Douglas G. Thompson<br>Richard M. Volin<br>William P. Butterfield<br>FINKELSTEIN THOMPSON & LOUGHRAN<br>1055 Thomas Jefferson Street, N.W., Suite 601<br>Washington, D.C. 20007 |
| C. Cary Patterson<br>Nelson Roach<br>NIX PATTERSON & ROACH<br>205 Linda Drive<br>Daingerfield, TX 75638 | Craig C. Corbitt<br>ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP<br>500 Sansome Street, Suite 400<br>San Francisco, CA 94111 |
| Christopher Lovell<br>LOVELL & STEWART LLP<br>500 Fifth Avenue<br>New York, NY 10110 | Joseph R. Saveri<br>Michele C. Jackson<br>Steven M. Tindall<br>Jennie Lee Anderson<br>LIEFF, CABRASER HEIMANN & BERNSTEIN LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339 |

| Leonard B. Simon<br>Dennis Stewart<br>MILBERG, WEISS, BERSHAD, HYNES & LERACH<br>600 West Broadway, Suite 1800<br>San Diego, CA 92101-3356 | David J. Bershad<br>Robert A. Wallner<br>MILBERG, WEISS, BERSHAD, HYNES & LERACH<br>One Pennsylvania Plaza<br>New York, NY 10119-0165 |
|---|---|
| Stanley Chesley<br>Robert Heuck<br>WAITE SCHNEIDER BAYLESS & CHESLEY<br>1513 Fourth and Vine<br>Central Trust Tower<br>Cincinnati, OH 45202 | Robert S. Green<br>GREEN FAUTH & JIGARJIAN<br>235 Pine Street, 15th Floor<br>San Francisco, CA 94104 |

and on the following interested parties in the within action by transmitting by facsimile machine to the following:

| Michael K. Kellogg<br>Mark C. Hansen<br>Austin C. Schlick<br>Steven F. Benz<br>KELLOGG, HUBER, HANSEN, TODD & EVANS<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>(Via Facsimile and U.S. Mail) | Susan Podolsky<br>JENNER & BLOCK, LLC<br>601 Thirteenth Street, N.W.<br>Suite 1200 South<br>Washinton, D.C. 20005<br>(Via Facsimile and U.S. Mail) |
|---|---|
| Eugene Crew<br>Daniel J. Furniss<br>Richard L. Grossman<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>Two Embarcadero Center, 8th Fl<br>San Francisco, CA 94111<br>Facsimile: (415) 576-0300<br>(Via Facsimile & U.S. Mail) | Mary Strimel<br>Michael Hausfeld<br>COHEN, MILSTEIN, HAUSFELD & TOLL<br>West Tower, Suite 500<br>1100 New York Avenue, N.W.<br>Washington, D.C. 20005-3964<br>(Via Facsimile and U.S. Mail) |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 10, 2001 in Menlo Park, California.

*(signature)*
Clare Tran