UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, No. 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

## MICROSOFT'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF NON-PARTY AFFIDAVITS

Defendant Microsoft Corporation hereby moves this Court in limine, before trial

and selection of a jury, for an order precluding plaintiffs from introducing non-party

affidavits and precluding plaintiffs' experts from either summarizing statements from these

non-party affidavits or introducing alleged facts recounted in them.  The affidavits in

question include trial exhibits designated by plaintiffs as exhibits 2 and 1321 (Declaration

of Bill Mickel); 230, 231 and 232 (Declaration of David Reed); 233 (Draft Affidavit of

Said Mohammadioun); 234 and 236 (Draft Declaration of Thomas W. Ruff); 235

(Affidavit of Stephen O'Neill); 237 (Draft Affidavit of Larry McMenamy); 282 (Draft

Declaration of S. Jerrold Kaplan); 314 (Declaration of Raymond Noorda); 323

(February 13, 1995, Letter to Judge Sporkin attaching the declarations of David Nagel,

Oscar Rosenbloom, Cynthia Cannady, David Daetz, and David Seda); 1124 and 1125

(Declaration of John Edwards); 1145 (Affidavit of unknown person); 1268 (Declaration of

Robert Frankenberg); 1319 and 1411 (Declaration of Richard Dixon); 1327 (Declaration of

John Constant); 1530 (Declaration of David Daetz); 1593 (Declaration of David Nagel);

and 2092 (Supplemental Declaration of Michael Robertson).

These affidavits are inadmissible hearsay and plaintiffs have failed to lay any

foundation for an exception to the hearsay rule.

The reasons for this motion are set forth in Microsoft's Memorandum in Support of

Its Motion in Limine to Preclude Admission of Non-Party Affidavits submitted herewith.

Dated:  June 6, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By:  David B. Tulchin
     Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar. No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.,* No. 1:00cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE ADMISSION OF NON-PARTY AFFIDAVITS

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
Jeffrey D. Herschman
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

June 6, 2003

*Attorneys for Microsoft Corporation*

**TABLE OF CONTENTS**

Page

ARGUMENT ..................................................................................................... 2

    I.       Affidavits Are Inadmissible Hearsay. .................................................... 2

CONCLUSION ................................................................................................... 3

# TABLE OF AUTHORITIES

<u>Page(s)</u>

## *Cases*

*NLRB* v. *United Sanitation Servs.,* 737 F.2d 936 (11th Cir. 1984)................................2

*United States* v. *Tomasian*, 784 F.2d 782 (7th Cir. 1986) .............................................2

*Weaver* v. *Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154 (4th Cir. 1993)..................2

## *Rules*

Fed. R. Evid. 703...............................................................................................................2

Fed. R. Evid. 801.......................................................................................................passim

Fed. R. Evid. 802.......................................................................................................passim

Fed. R. Evid. 804(b)(1) ...................................................................................................2

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.,* No. 1:00cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS
## MOTION IN LIMINE TO PRECLUDE ADMISSION
## OF NON-PARTY AFFIDAVITS

Plaintiffs have designated more than 20 affidavits as trial exhibits in this action,[1]

even though affidavits are inadmissible hearsay under Rules 801 and 802 of the Federal

Rules of Evidence.[2] Most of them were submitted in the 1990's by competitors of

Microsoft to the Federal Trade Commission ("FTC") or the Department of Justice in

connection with their investigations of, or litigation against, Microsoft. All of them are

inadmissible hearsay.

---

[1] These trial exhibits include exhibits numbered 2 and 1321 (Declaration of Bill Mickel); 230, 231 and 232 (Declaration of David Reed); 233 (Draft Affidavit of Said Mohammadioun); 234 and 236 (Draft Declaration of Thomas W. Ruff); 235 (Affidavit of Stephen O'Neill); 237 (Draft Affidavit of Larry McMenamy); 282 (Draft Declaration of S. Jerrold Kaplan); 314 (Declaration of Raymond Noorda); 323 (February 13, 1995, Letter to Judge Sporkin attaching the declarations of David Nagel, Oscar Rosenbloom, Cynthia Cannady, David Daetz, and David Seda); 1124 and 1125 (Declaration of John Edwards); 1145 (Affidavit of unknown person); 1268 (Declaration of Robert Frankenberg); 1319 and 1411 (Declaration of Richard Dixon); 1327 (Declaration of John Constant); 1530 (Declaration of David Daetz); 1593 (Declaration of David Nagel); and 2092 (Supplemental Declaration of Michael Robertson).

[2] Several of the exhibits are entitled "declarations." For purposes of this motion, the word "affidavit" will refer to both the affidavits and declarations.

**ARGUMENT**

## I.   Affidavits Are Inadmissible Hearsay.

Rule 801(c) of the Federal Rules of Evidence provides that hearsay "is a statement,
other than one made by the declarant while testifying at the trial or hearing, offered in
evidence to prove the truth of the matter asserted."  Rule 802 provides that hearsay
evidence is not admissible except as otherwise provided by law.

All of the affidavits designated as trial exhibits by plaintiffs are inadmissible
hearsay.  They are statements made by non-parties outside of our trial.  The affidavits do
not fall within any exception to the hearsay rule.  They cannot satisfy the "former
testimony" exception because Microsoft did not cross-examine.  Fed. R. Evid. 804(b)(1);
*see also, NLRB* v. *United Sanitation Servs.*, 737 F.2d 936, 940 (11th Cir. 1984) ("affidavits
do not constitute 'former testimony'").

The affidavits also cannot satisfy the "business records" exception because they
were prepared in anticipation of either governmental or private litigation.  *See Weaver* v.
*Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 159 (4th Cir. 1993) (affidavit prepared for
trial not "record of regularly conducted activity").

Because affidavits are inadmissible hearsay, this Court should also preclude
plaintiffs' experts from either summarizing statements from these non-party affidavits or
introducing alleged facts that are recounted in them.  While Rule 703 "permits an expert
opinion based on hearsay," it "does not sanction the simple transmission of hearsay" to the
jury.  *United States* v. *Tomasian*, 784 F.2d 782, 786 (7th Cir. 1986).[3]

---

[3]   Under the 2000 amendment to Rule 703, "[f]acts or data that are otherwise
inadmissible shall not be disclosed to the jury by the proponent of the opinion or
inference unless the court determines that their probative value in assisting the jury
to evaluate the expert's opinion substantially outweighs their prejudicial effect."
Here, the nature of the affidavits -- pure hearsay -- means they have little probative
value while their prejudicial effect is enormous as most were drafted by
competitors to Microsoft.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court enter an order precluding plaintiffs from offering as exhibits at trial any non-party affidavits, including plaintiffs' trial exhibits 2, 230-237, 282, 314, 323, 1124, 1125, 1145, 1268, 1319, 1321, 1327, 1411, 1530, 1593 and 2092 and precluding plaintiffs' experts from either summarizing statements from non-party affidavits or introducing alleged facts recounted in them.

Dated:  June 6, 2003

*Of Counsel:*

Charles B. Casper
MONTGOMERY, McCRACKEN,
   WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: _David B. Tulchin_

David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar. No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2003, I caused a copy of the foregoing

Microsoft's Motion in Limine to Preclude Admission of Non-Party Affidavits and

accompanying memorandum to be served by hand-delivery upon:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
(facsimile no.: 202-408-4699)

Conor R. Crowley
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, DC  20007
(facsimile no.: 202-337-8090)

and by first class mail upon:

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202
(facsimile no.: 513-621-0262)

Jeffrey D. Herschman