UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE IN SUPPORT OF FINDINGS SUBJECT TO COLLATERAL ESTOPPEL

Defendant Microsoft Corporation hereby moves this Court in limine, before trial and selection of a jury, for an order prohibiting plaintiffs from introducing evidence in support of findings of fact that are subject to collateral estoppel.

This motion is made under Rule 403 of the Federal Rules of Evidence on the grounds that (1) such evidence is cumulative of facts made undisputed by the application of collateral estoppel; (2) the introduction of such evidence is contrary to the purported efficiency reasons for applying collateral estoppel in the first place; and (3) such evidence would unduly prejudice Microsoft.

The reasons for this motion are set forth in Microsoft's Memorandum in Support of Its Motion in Limine to Exclude Evidence in Support of Findings Subject to Collateral Estoppel, and in the exhibits submitted therewith.

Dated:  June 6, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By:  David B. Tulchin
     Joseph E. Neuhaus
     SULLIVAN & CROMWELL LLP
     125 Broad Street
     New York, New York 10004
     (212) 558-4000

     Michael F. Brockmeyer
     (Fed. Bar No. 02307)
     Jeffrey D. Herschman
     (Fed. Bar No. 00101)
     PIPER RUDNICK LLP
     6225 Smith Avenue
     Baltimore, Maryland 21209-3600
     (410) 580-3000

     *Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS
MOTION IN LIMINE TO PRECLUDE PLAINTIFFS
FROM INTRODUCING EVIDENCE IN SUPPORT OF
FINDINGS SUBJECT TO COLLATERAL ESTOPPEL**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
Jeffrey D. Herschman
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

June 6, 2003

## TABLE OF CONTENTS

Page

BACKGROUND...........................................................................................2

ARGUMENT .............................................................................................4

CONCLUSION ..........................................................................................6

# TABLE OF AUTHORITIES

<u>Page(s)</u>

## *Cases*

*Carr* v. *District of Columbia*,
    646 F.2d 599 (D.C. Cir. 1980) ........................................................................... 2

*In re Microsoft Corp. Antitrust Litig.*,
    MDL No. 1332 (D. Md. Nov. 4, 2002) ............................................................. 2

*In re Microsoft Corp. Antitrust Litig.*,
    MDL No. 1332 (D. Md. April 4, 2003) ............................................................. 2

*In re Microsoft Corp. Antitrust Litig.*,
    MDL No. 1332 (D. Md. May 9, 2003)............................................................... 2

*James* v. *Gerber Prods. Co.*,
    587 F.2d 324 (6th Cir. 1978)............................................................................. 4

*Montana* v. *United States*,
    440 U.S. 147 (1979) .......................................................................................... 4

*Navajo Freight Lines* v. *Mahaffy*,
    174 F.2d 305 (10th Cir. 1949)........................................................................... 5

*Palmer* v. *Krueger*,
    897 F.2d 1529 (10th Cir. 1990)......................................................................... 5

*Parklane Hosiery Co.* v. *Shore*,
    439 U.S. 322 (1979) .......................................................................................... 4

*Rozier* v. *Ford Motor Co.*,
    573 F.2d 1332 (5th Cir. 1978)........................................................................... 5

## *Statutes and Rules*

28 U.S.C. § 1292(b) ................................................................................................. 2

Fed. R. Evid. 403...................................................................................................... 1, 5

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE IN SUPPORT OF FINDINGS SUBJECT TO COLLATERAL ESTOPPEL

Microsoft moves in limine to exclude evidence that plaintiffs intend to submit in support of facts that have been determined pursuant to this Court's collateral estoppel decision. Admission of evidence in support of these findings would be cumulative under Rule 403 and would require substantial trial time, undermining the efficiencies that preclusion is supposed to provide. In addition, it would be patently one-sided and unfair to permit the plaintiffs to put before the jury both the prior adverse finding and all the evidence that supported it, while at the same time precluding Microsoft from providing the jury with evidence contrary to the finding. Accordingly, this Court should issue an order precluding plaintiffs from presenting evidence on subjects covered by the findings of fact in *United States* v. *Microsoft* that will be given collateral estoppel effect.

## BACKGROUND

In seeking preclusive effect for the findings from *United States* v. *Microsoft*,

plaintiffs have argued that application of collateral estoppel would promote judicial

economy. *See* Memorandum in Support of Plaintiffs' Motion for an Order of Partial

Summary Judgment at 12 (Aug. 12, 2002) (application of collateral estoppel would avoid

"'an inordinate waste of judicial resources'" that would result if the court were to "'retread

the same ground'") (quoting *Carr* v. *District of Columbia*, 646 F.2d 599, 607 (D.C. Cir.

1980));[1] Plaintiffs' Reply Memorandum at 2 (Dec. 6, 2002).[2]  In its November 4, 2002

opinion, this Court applied collateral estoppel in this case based on its conclusion that

doing so would promote "the goals of efficiency and economy that the doctrine is designed

to further."  Opinion, p. 6, *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332 (D. Md.

Nov. 4, 2002) (the "MDL Collateral Estoppel Opinion").[3]  This Court later ordered that

"preclusive effect shall be given to" 351 findings of fact made in *United States* v.

*Microsoft Corp.*  Order, *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332 (D. Md.

April 4, 2003).[4]

Notwithstanding these rulings, plaintiffs have identified as trial exhibits numerous

documents that relate to subjects as to which collateral estoppel has been applied.  In

---

[1]    A copy of the Memorandum in Support of Plaintiffs' Motion for an Order of Partial Summary Judgment, dated August 12, 2002, without its Appendices, is attached as Exhibit A.

[2]    A copy of Plaintiffs' Reply Memorandum, dated December 6, 2002, is attached as Exhibit B.

[3]    A copy of the MDL Collateral Estoppel Opinion is attached as Exhibit C.

[4]    A copy of this Court's Order re collateral estoppel, dated April 4, 2003, is attached as Exhibit D.  On May 9 this Court amended the April 4 Order to provide for certification for interlocutory appeal under 28 U.S.C. § 1292(b).  Order, *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332 (D. Md. May 9, 2003), attached as Exhibit E.

particular, some 86 of plaintiffs' proposed trial exhibits relate to Netscape (and contractual arrangements that Microsoft entered into that supposedly affected Netscape), Java, or both.[5]  These topics are discussed throughout Judge Jackson's findings of fact.  For example, plaintiffs have marked at least 15 documents discussing the possibility of Web technologies acting as a platform for applications, or, more specifically, to the possibility that Netscape's Web browser could compete with Microsoft's applications and operating systems software by acting as a platform;[6] this browser "threat" and Microsoft's attempts to dissuade Netscape from developing Navigator as a platform are addressed in findings 68-72 and 79-89, all of which have been given collateral estoppel effect.  Another 13 exhibits relate to Microsoft's dealings with Compaq (which allegedly affected Netscape);[7] this topic is addressed in findings such as 204-208 and 232-235, which have also been given collateral estoppel effect.  In several other cases, plaintiffs have marked as an exhibit a document that is quoted directly by Judge Jackson in findings that are to be accorded preclusive effect.[8]

---

[5]       *E.g.,* Pl. Exh. Nos. 3, 72, 82, 84, 85, 87, 88, 89, 90, 121, 155, 205, 265, 853, 863, 1020, 1025, 1026, 1027, 1028, 1029, 1030, 1031, 1032, 1033, 1034, 1035, 1036, 1037, 1039, 1040, 1043, 1051, 1053, 1054, 1055, 1056, 1057, 1058, 1059, 1060, 1061, 1062, 1063, 1065, 1066, 1067, 1070, 1071, 1072, 1073, 1075, 1079, 1103, 1105, 1106, 1110, 1111, 1118, 1119, 1156, 1158, 1287, 1288, 1290, 1291, 1292, 1293, 1294, 1295, 1296, 1298, 1299, 1300, 1301, 1511, 1533, 1536, 1537, 1551, 1573, 1608, 1609, 1610, 1612, and 1701.  Plaintiffs have marked some 2,170 trial exhibits.  In this motion, Microsoft has attempted to identify those that clearly relate to issues on which collateral estoppel has been granted.  If plaintiffs offer other exhibits at trial on these issues, Microsoft will seek to exclude use of them as well.

[6]       *E.g.,* Pl. Exh. Nos. 1026, 1027, 1028, 1029, 1030, 1031, 1032, 1033, 1034, 1287, 1288, 1291, 1293, 1299, and 1301.

[7]       *E.g.,* Pl. Exh. Nos. 72, 82, 84, 85, 87, 88, 89, 90, 121, 1043, 1292, 1295, and 1573.

[8]       *Compare, e.g.,* Pl. Exh. No. 1028 *with* Findings of Fact 72 and 134; Pl. Exh. No. 1034 *with* Findings of Fact 276-277; Pl. Exh. No. 1055 *with* Finding of Fact 392.

Similarly, at least 33 of plaintiffs' proposed trial exhibits[9] relate to Intel's Native

Signal Processing ("NSP") software. Judge Jackson described Microsoft's actions with

respect to Intel and NSP in findings of fact 94-103, all of which have been given collateral

estoppel effect. Likewise, some 17 other proposed trial exhibits[10] relate to Microsoft's

technical integration of its Internet Explorer Web browser to its Windows operating

system. Judge Jackson described Microsoft's efforts to bind Internet Explorer to Windows

in findings of fact 155-170 and 173-174, all of which have likewise been given collateral

estoppel effect.

## ARGUMENT

Conservation of judicial resources is a principal purpose of collateral estoppel.

*Montana* v. *United States*, 440 U.S. 147, 153-54 (1979). When properly applied, the

doctrine "protect[s] litigants from the burden of relitigating an identical issue with the

same party or his privy and of promoting judicial economy by preventing needless

litigation." *Parklane Hosiery Co.* v. *Shore,* 439 U.S. 322, 326 (1979). These benefits will

be lost if plaintiffs are allowed to admit evidence on matters that are already covered by

estoppel, thereby imposing "unnecessary costs" on "both the courts and the opposing

parties." *James* v. *Gerber Prods. Co.,* 587 F.2d 324, 327 (6th Cir. 1978).

As shown above, plaintiffs here have consistently invoked judicial economy and

efficiency as a justification for the application of collateral estoppel. They cannot now

seek to extend trial by offering duplicative evidence in support of precluded findings.

---

[9]   *E.g.,* Pl. Exh. Nos. 141, 1080, 1081, 1082, 1083, 1084, 1085, 1086, 1087, 1088, 1089, 1091, 1092, 1093, 1094, 1095, 1096, 1097, 1098, 1099, 1100, 1101, 1102, 1106, 1107, 1108, 1109, 1112, 1116, 1117, 1118, 1119, and 1136.

[10]  *E.g.,* Pl. Exh. Nos. 1025, 1029, 1033, 1034, 1042, 1044, 1061, 1075, 1076, 1155, 1156, 1288, 1293, 1294, 1298, 1301, and 1701.

Under Rule 403 of the Federal Rules of Evidence, such evidence would be improperly cumulative of the findings and would squander any judicial economy that estoppel is designed to provide.

Findings that are given collateral estoppel effect function at trial like undisputed facts. Evidence offered to support an undisputed fact is inadmissibly cumulative under Rule 403, because such facts are already established. *See Palmer* v. *Krueger*, 897 F.2d 1529, 1538 (10th Cir. 1990) (evidence regarding defendant's notice of product defect inadmissible as "cumulative" under Rule 403 because "issue was never in dispute"); *Rozier* v. *Ford Motor Co.*, 573 F.2d 1332, 1346-49 (5th Cir. 1978) (evidence of guilty plea excluded under Rule 403 because evidence supported fact not in dispute and therefore amounted to "needless presentation of cumulative evidence"); *Navajo Freight Lines* v. *Mahaffy*, 174 F.2d 305, 310 (10th Cir. 1949) (evidence excluded because, *inter alia*, it was "cumulative and would have served only to prove an undisputed fact").

Moreover, permitting plaintiffs to submit evidence in support of findings that will be given collateral estoppel effect is manifestly unfair. Plaintiffs would present the jury with that portion of the evidence that supports the findings, and then seek to preclude Microsoft from providing the jury with the complete picture -- the evidence that supports Microsoft's position with respect to the findings.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court enter an order precluding plaintiffs from introducing evidence to support facts encompassed by a finding of fact to which collateral estoppel applies.

Dated:  June 6, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: _David B. Tulchin_

David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2003, I caused a copy of the foregoing

Microsoft's Motion in Limine to Preclude Plaintiffs from Introducing Evidence in

Support of Findings Subject to Collateral Estoppel and accompanying memorandum to

be served by hand-delivery upon:

> Michael D. Hausfeld
> COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
> 1100 New York Avenue, N.W.
> West Tower, Suite 500
> Washington, DC  20005
> (facsimile no.: 202-408-4699)

> Conor R. Crowley
> FINKELSTEIN, THOMPSON & LOUGHRAN
> 1050 30th Street, N.W.
> Washington, DC  20007
> (facsimile no.: 202-337-8090)

and by first class mail upon:

> Stanley M. Chesley
> WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
> 1513 Fourth & Vine Tower
> One West Fourth Street
> Cincinnati, OH  45202
> (facsimile no.: 513-621-0262)

Jeffrey D. Herschman