UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | : | MDL Docket No. 1332 Hon. J. Frederick Motz |
| This Document Relates to: | : | |
| *Kloth* v. *Microsoft Corp.*, 1:00cv02117. | : | |

## MICROSOFT'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND EXPENSES

*Of Counsel:*

Charles B. Casper
MONTGOMERY, McCRACKEN,
    WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, Pennsylvania  19109
(215) 772-1500

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-3000

*Attorneys for Microsoft Corporation*

Dated:  March 4, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | : : : | MDL Docket No. 1332 Hon. J. Frederick Motz |
| This Document Relates to: | : : | |
| *Kloth* v. *Microsoft Corp.*, 1:00cv02117. | : : : | |

## MICROSOFT'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND EXPENSES

Microsoft agreed in the September 16, 2003 Settlement Agreement in this matter not to oppose an application for fees and expenses in an amount up to $10.5 million. Accordingly, Microsoft does not oppose the instant application in that amount.

To set the record straight, however, plaintiffs' counsel are incorrect as to the nature of the settlement here or the reasons that it was obtained. This settlement was not obtained as a result of the strength of the plaintiffs' claims or the extent of their preparations. On the contrary, this case is being settled because of its small size and because of its unimportance relative to other matters. Microsoft determined that given the demands of other cases, the relatively low amount at stake, the possible collateral estoppel impact on other cases, and the burdens a trial would impose on its executives and other witnesses, the case was not worth trying. *See, e.g., In re Mexico Money Transfer Litigation*, 267 F.3d 743, 748-49 (7th Cir. 2001) (settlement of "nuisance value" claims for in excess of $40 million to avoid "bad public relations for the defendants . . . . coupled with a goal of freedom from a drumbeat of litigation").

Indeed, the claims in this case were largely unsuccessful. The consolidated amended class action complaint filed on July 12, 2000 sought to recover damages on behalf of immense putative classes covering all companies and individuals who acquired licenses to Microsoft operating systems, Word, Excel, or Office inside or outside the United States after November 10, 1995. These classes would have included purchasers of well over 200 million licenses for Microsoft products, according to plaintiffs' expert. Through motion practice, the case was whittled down to relative insignificance.

In particular, on January 12, 2001, this Court dismissed plaintiffs' indirect-purchaser and foreign-purchaser claims. On April 14, 2003, the Court denied certification of the claims brought on behalf of the vast bulk of the putative class -- including claims based on direct purchases of Microsoft applications, claims of Enterprise customers, and claims seeking injunctive relief -- leaving a small class of people and entities who purchased operating systems through a Microsoft Web site and certain direct marketing programs. The certified class comprised approximately 107,000 members who accounted for sales of approximately $19.1 million.

Plaintiffs' damages expert posited damages of some $10.5 million, a claimed "overcharge" of some 55.1%.  Microsoft firmly believes that plaintiffs would not have prevailed in a trial, but even at this inflated damage figure, it made little sense at the time to try this case.

Dated:  March 4, 2004

*Of Counsel:*

Charles B. Casper
MONTGOMERY, McCRACKEN,
    WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, Pennsylvania  19109
(215) 772-1500

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

Respectfully submitted,

By: David B. Tulchin

David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-3000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2004, I caused a copy of the foregoing Microsoft's Memorandum in Response to Plaintiffs' Petition for Attorneys' Fees and Expenses to be served upon the following by facsimile and overnight courier:

> Stanley M. Chesley
> Waite, Schneider, Bayless & Chesley Co., L.P.A.
> 1513 Fourth & Vine Tower
> One West Fourth Street
> Cincinnati, Ohio  45202
>
> Michael D. Hausfeld
> Daniel A. Small
> Robert J. Wozniak, Jr.
> Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
> 1100 New York Avenue, N.W.
> West Tower, Suite 500
> Washington, DC  20005

Michael F. Brockmeyer