IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. | * | |
| ANTITRUST LITIGATION | * | MDL 1332 |
| | * | |
| PAUL PEEK, D.D.S., ET AL. | * | |
| v. | * | Civil No. JFM-05-474 |
| MICROSOFT CORP. | * | |

*****

MEMORANDUM

Paul Peek and Mark Miles filed a class action complaint in the Circuit Court of Lonoke County, Arkansas, alleging that Microsoft Corporation engaged in deceptive trade practices that resulted in the overcharging of Arkansas purchasers of personal computers preinstalled with Microsoft software. Plaintiffs allege that these practices violated Arkansas' Deceptive Trade Practices Act and that Microsoft was unjustly enriched by its improper and illegal acts.

Invoking federal diversity jurisdiction, Microsoft timely removed the action to the United States District Court for the Eastern District of Arkansas. Plaintiffs filed a motion to remand. Before the motion was ruled upon, the Judicial Panel on Multi-District Litigation transferred the action to this court. The motion to remand has been fully briefed and argued. It will be granted.[1]

In 2001, at an earlier stage of these MDL proceedings, I considered the question of whether Microsoft had properly removed a series of actions in which plaintiffs asserted claims under state law

---

[1] Microsoft has also filed a motion for judgment on the pleadings. Because I am remanding the action to the Circuit Court of Lonoke County, I do not reach the issues raised by that motion.

and sought disgorgement of profits Microsoft allegedly had obtained illegally. *In re Microsoft Antitrust Litig.*, 127 F. Supp. 2d 702, 719-21 (D. Md. 2001). My analysis proceeded from the established principle that plaintiffs' individual claims cannot be aggregated to determine whether the $75,000 jurisdictional amount has been met. *See Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294-95 (1973); *Snyder v. Harris*, 394 U.S. 332, 335 (1969). I then considered whether a claim for disgorgement of profits "falls within the exception to the non-aggregation principle that applies where 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *In re Microsoft Antitrust Litig.,* 127 F. Supp. 2d at 720 (quoting *Snyder*, 394 U.S. at 355). Recognizing that there is a split of authority on the issue, *compare In re Cardizem CD Antitrust Litig.*, 90 F. Supp. 2d 819, 828-29 (E.D. Mich. 1999); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 40-43 (D.D.C. 1999) *with Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1426-28 (2d Cir. 1997); *Aetna U.S. Healthcare, Inc. v. Hoeschst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1049-51 (D. Kan. 1999), I held that a claim for disgorgement of profits does fall within the exception. *In re Microsoft Antitrust Litig.,* 127 F. Supp. 2d at 720. My conclusion was based upon what was at least the theoretical possibility that as a matter of substantive law "an individual plaintiff, regardless of the particular damages he has suffered, might recover the entire unjust benefit obtained by the defendant." *Id.*

Last year, in *Birdsong Tractor & Supply, Inc. v. Microsoft Corp.*, No. 03-3460 (D. Md. Aug. 23, 2004),[2] I applied my 2001 decision to deny a motion to remand filed in another action that Microsoft had removed from Arkansas state court. As in the present case, plaintiffs expressly limited

---

[2] My decision is reported at *In re Microsoft Antitrust Litigation,* 332 F. Supp. 2d 890 (D. Md. 2004).

the damage claim of each member of the asserted class to an amount less than $75,000. However, the complaint in *Birdsong* demanded that "Microsoft should be required to disgorge all interest earned on money that was wrongfully received from the Plaintiff Class as the result of its monopolistic practices." On the basis of this averment, I found that removal had been proper. Although not expressly stated, a premise of my opinion was that in light of the fact that the interest being sought self-evidently was in excess of $75,000, plaintiffs' claim for disgorgement was inconsistent with their allegation that each class member was seeking less than $75,000. As I had indicated in my 2001 ruling, there existed the theoretical possibility that "an individual plaintiff, regardless of the particular damages he ha[d] suffered, might recover the entire unjust benefit obtained by the defendant."

While denying the motion to remand in *Birdsong*, I simultaneously granted a motion for voluntary non-suit filed by plaintiffs. This action was then instituted. In most respects the allegations made in the complaint are virtually identical to the allegations that had been made in *Birdsong*.[3] Plaintiffs have, however, dropped their demand for disgorgement of interest. Nevertheless, Microsoft argues that removal was proper because plaintiffs are seeking unjust enrichment. I am not persuaded by this argument. In the absence of any disgorgement claim, there are no averments in the complaint that contradict plaintiffs' allegation that each class member is seeking less than $75,000. To the contrary, all of the allegations reflect that each plaintiff is only seeking damages with regard to a particular transaction to which he was a party. There is no reason to infer from the face of the complaint that as a matter of fact the damages suffered in connection with any such transaction exceeded the jurisdictional amount. Similarly, plaintiffs' assertion of a claim for unjust enrichment does

---

[3] Peek, one of the plaintiffs here, had also joined as a plaintiff in *Birdsong*, and the same counsel have represented plaintiffs in both actions.

not in and of itself imply that an individual plaintiff is seeking recovery for anything more than the amount by which Microsoft was allegedly unjustly enriched in a particular transaction. Accordingly, I find that *Birdsong*, as well as the actions I addressed in my 2001 opinion, are distinguishable from the present action and that the present action was improperly removed.

    A separate order of remand is being entered herewith.


Date: June 3, 2005                               /s/_____
                                                       J. Frederick Motz
                                                       United States District Judge