IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. | * | |
| ANTITRUST LITIGATION | * | MDL 1332 |
| | * | |
| NOVELL, INC. | * | |
| | * | |
| v. | * | Civil No. JFM-05-1087 |
| | * | |
| MICROSOFT CORP. | * | |

*****

MEMORANDUM

Microsoft Corporation has filed a motion requesting that I certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), the portions of my order entered on June 10, 2005 denying Microsoft's motion to dismiss Counts I and VI of the complaint filed by Novell, Inc. Novell has opposed the motion.[1] I am satisfied that the June 10th order "involves . . . controlling question[s] of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Accordingly, Microsoft's motion is granted.

Let me amplify my ruling by saying several things.

---

[1] During the course of a transcribed telephone conference on August 3, 2005 I asked Novell's counsel if Novell would like me to certify for interlocutory appeal the other rulings I made in my June 10th order (adverse to Novell) in the event that I decided to grant Microsoft's motion for an interlocutory appeal. Novell's counsel responded in the affirmative. However, in a letter dated August 12, 2005, they clarified their response by stating that Novell would seek an interlocutory appeal if, but only if, the Fourth Circuit grants Microsoft's petition for permission to appeal.

First, it is true, as Novell asserts, that in making my rulings as to Counts I and VI, I found Novell's standing to be "clear," that Microsoft's argument based upon the Caldera release to be "a far stretch," and Novell's antitrust injury to be "self-evident." I remain comfortable with my rulings. However, as each day passes, I find that what may seem "clear," "a far stretch," or "self-evident" to me does not always appear the same in the eyes of others. Therefore, particularly in light of the fact that it is strongly in the interest of the public and in the interest of the parties to manage this litigation (which arises from events that occurred many years ago) in an efficient manner, I believe that the Fourth Circuit should be given the opportunity to decide whether my views are so out of focus that they should be promptly corrected.

Second, I take into account, as Microsoft contends I should, the fact that the legislative history of § 1292(b) cites antitrust cases that are brought at the end of (or past) the statute of limitations as examples of instances in which interlocutory appeals might be appropriate. *See* S. Rep. No. 85-2434 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5256.[2]

Third, as a practical matter, if the Fourth Circuit decides not to grant an interlocutory appeal to review the rulings I made in my June 10th order, that fact alone may assist the parties and their counsel in their positions in this litigation. Even if that is not so, I believe I would be derelict in my duties if I

---

[2]Microsoft also alludes to the fact that the Fourth Circuit has indicated that appeals prior to remand to transferor courts are frequently appropriate in MDL cases. *See In Re Food Lion*, 73 F.3d 528, 532-33 (4th Cir. 1996); *see also* 17 James W. Moore, et al., MOORE'S FEDERAL PRACTICE § 112.06[3] (3d Ed. 2005). Although I fully agree with this proposition, I believe that it is of limited relevance here. Although this action properly has been transferred to me by the Panel on Multidistrict Litigation because it arises from the same nucleus of facts as the others that have been transferred to me in this MDL proceeding, it stands as a separate and independent piece of litigation. Moreover, the issues resolved by my June 10th order are unique to this case.

were to put the parties on a course that would require them to incur considerable cost and to expend considerable time and executive resources in litigating this case only to have an appellate court decide at the end of the day that the litigation should have been terminated at the outset.

    A separate order is being entered herewith.

Date: August 19, 2005    /s/ _____
                                   J. Frederick Motz
                                   United States District Judge