**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*GO Computer Inc., a Washington Corporation; S. Jerrold Kaplan, an individual v. Microsoft Corporation, a Washington Corporation*,<br><br>Civil Action No. 05-cv-02413 | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz |

**PLAINTIFFS' OPPOSITION TO MICROSOFT CORPORATION'S MOTION
FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES
SHOULD BE RELATED**

Pursuant to N.D. Cal. Civil L.R. 3-12(e), plaintiffs Go Computer, Inc. and S. Jerrold Kaplan hereby file their opposition to defendant Microsoft Corporation's <u>Motion for Administrative Relief To Consider Whether Cases Should Be Related</u> (filed Sept. 8, 2005).

The cases at issue are: (1) this case, *GO Computer, Inc., et. al. v. Microsoft Corporation*, Case No. C-05-2661 JSW, alleging combinations in restraint of trade in violation of 15 U.S.C. § 1 and combinations to monopolize in violation of 15 U.S.C. § 2, which has been transferred to the District of Maryland pursuant to a Conditional Transfer Order (CTO-27) (Aug. 11, 2005) ("*GO I*"); and (2) *GO Computer, Inc., et. al. v. Microsoft Corporation*, Case No. C-05-3356 SI, alleging combinations in restraint of trade and to monopolize in violation of the Cartwright Act (Bus. & Prof. Code §§ 16720 *et seq.*), which originated in the Superior Court of the State of California for the City and County of San Francisco ("*GO II*").

*GO I* and *GO II* were filed in their respective courts on June 29, 2005. Microsoft

removed *GO II* to the Northern District of California on August 18, 2005, where *GO II* received case number 05-3356 and was assigned to The Honorable Susan Illston. Plaintiffs filed their motion to remand *GO II* on September 1, 2005. Plaintiffs' remand motion is set for hearing on October 18, 2005.

**Factual Background**

GO Corporation (and its successors in interest) competed with Microsoft until Microsoft drove it from the market through conduct that violated federal and state antitrust laws. After GO Corporation merged with a subsidiary of AT&T Co. in 1994, its antitrust claims were assigned to AT&T. In 1996, AT&T spun off its GO Corporation assets, and claims relating to GO Corporation were assigned to Lucent Technologies, Inc. On April 14, 2005, Lucent jointly assigned its full interest in antitrust claims relating to GO Corporation to the two plaintiffs in this action: GO Computer, Inc., a citizen of the State of Washington, and S. Jerrold Kaplan, a citizen of California.

**Argument**

While *GO I* and *GO II* "concern substantially the same parties, property, transaction[s] or event[s]," N.D. Cal. Civil L.R. 3-12(a)(1), proceeding without relating the cases would in no way be "unduly burdensome." *See id.* 3-12(a)(2). *GO II* should not be in federal court. Microsoft's removal of *GO II*, despite the conceded absence of either a federal question or diversity of citizenship between the parties, was improper. After remand it will be entirely proper for two such cases – one federal, one state – to run on separate, parallel tracks in their respective systems. At a minimum, the Court should refrain from deciding this motion until after the October 18, 2005 hearing on plaintiffs' motion to remand, which will likely moot the present motion for administrative relief.

I.   **MICROSOFT'S REMOVAL OF *GO II* WAS IMPROPER**

As plaintiffs explain in their motion to remand *GO II* (attached hereto as Exh. A), *GO II* must be remanded to California state court because federal courts have no jurisdiction over the action. It is axiomatic that federal courts are courts of limited jurisdiction, and that a party seeking to establish jurisdiction bears the burden of demonstrating it. *See*, *e.g.*, 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3602, at 371-75 (2d ed. 1984). Removal to federal court is proper only if the action could have been brought there originally, *see* 28 U.S.C. § 1441, and due regard for the state judiciary requires that statutory procedures for removal be construed strictly. *See*, *e.g.*, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

Federal jurisdiction over *GO II* never existed and cannot exist. Because both GO Computer, Inc. and Microsoft are citizens of the State of Washington, complete diversity between the parties does not exist. *See* 28 U.S.C. 1332. And, as is plain from the face of the complaint (attached hereto as Exh. B), *GO II* alleges only violations of California state law and asserts no federal question. By pleading exclusively state law claims, plaintiffs have exercised their right to litigate *GO II* exclusively in state court. *See*, *e.g.*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law"); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 810 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). A district court is not endowed with jurisdiction to remove a case merely because a factually related case is pending in federal court. *See Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 706 (8th Cir. 2003); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996); *Cardillo v. Cardillo*, 360 F. Supp. 2d 402, 416 (D.R.I. 2005).

Further, under settled Supreme Court law, federal courts cannot ignore a colorable assignment of a claim, even when that assignment prevents diversity jurisdiction. *See Provident Savings Life Assurance Soc'y v. Ford*, 114 U.S. 635 (1885); *Oakley v. Goodnow*, 118 U.S. 43 (1886); *Leather Mfrs. Nat'l Bank v. Cooper*, 120 U.S. 778 (1887); *Carson v. Dunham*, 121 U.S. 421 (1887). The Ninth Circuit has specifically acknowledged that in those cases the Supreme Court "refused to allow removal of an action filed in state court after a diversity-destroying colorable assignment was made, even if it was for collection only." *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 598-99 (9th Cir. 1996). No court has overruled these consistent Supreme Court precedents.

The Court should not relate a case that was improperly removed. Microsoft's motion should be denied.

## II. PARALLEL STATE AND FEDERAL ACTIONS ARE ENTIRELY APPROPRIATE

*GO II* should be remanded and both lawsuits should proceed on parallel tracks in their respective courts. As the Fourth Circuit explained earlier this year, federalism principles recognize that parallel litigation in federal and state court is entirely proper:

> our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other. "Despite what may appear to result in a duplication of judicial resources, 'the rule is well recognized that the pendency of an action in the state [system] is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"

*Chase Brexton Health Servs. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005) (quoting *McLaughlin v. United Va. Bank*, 955 F.2d 930, 934 (4th Cir. 1992) and *McClellan v. Carland*, 217 U.S. 268, 282 (1910)); *see also*, *e.g.*, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (district courts are under a "virtually unflagging obligation . . . to exercise the jurisdiction given them"); *Maierhofer v. Crown*

4

*Realty Co.*, No. 89-F-330, 1989 WL 251355, at *1 (D. Colo. Apr. 11, 1989) (granting plaintiff's motion to remand state law claims to state court where plaintiff simultaneously filed similar complaints in federal and state court). Just as federal courts frequently allow concurrent state and federal actions to proceed by exercising jurisdiction over a federal action when a parallel state action exists, federal courts should not impede parallel actions by tethering an exclusively state law, state court action to one properly subject to federal jurisdiction.

### III.   THE COURT SHOULD REFRAIN FROM DECIDING THIS MOTION UNTIL AFTER RESOLUTION OF PLANTIFFS' REMAND MOTION

At a minimum, the Court should refrain from ruling on this issue until Judge Illston determines whether to remand *GO II* to the Superior Court of California for the City and County of San Francisco. The hearing on the remand motion is scheduled for October 18, 2005 and, given the likelihood of remand, it makes no sense to decide this matter before Judge Illston has an opportunity to rule on that motion. Should this court choose to decide the issue now, however, *GO II* should not be related to this case because federal subject-matter jurisdiction over *GO II* does not exist. Absent diversity, a plaintiff is entitled to have its state law claim heard by a state court and its federal law claim heard by a federal court.

### Conclusion

The Court should hold that the cases are not related as defined by Civ. L.R. 3-12(a).

Dated: September 16, 2005                            Respectfully Submitted,


                                                     s/  Steven F. Benz
                                                     Steven F. Benz
                                                     Federal Bar No. 013353
                                                     Kellogg, Huber, Hansen, Todd, Evans
                                                        & Figel, P.L.L.C.
                                                     1615 M Street, N.W., Suite 400
                                                     Washington, D.C. 20036
                                                     Tel: (202) 326-7900
                                                     Fax: (202) 326-7999

                                                     *Attorneys for GO Computer, Inc. and S.
                                                     Jerrold Kaplan*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Plaintiffs' Opposition to Microsoft Corporation's Motion for Administrative Relief To Consider Whether Cases Should Be Related was served this 16th day of September, 2005 via the CM ECF system of the District of Maryland MDL Case No.: 00-md-01332.

                                                    s/  Tiffany Thompson
                                                    Tiffany Thompson