IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. | * | |
| ANTITRUST LITIGATION | * | MDL 1332 |
| | * | |
| MICHAEL I. MARK | * | |
| | * | |
| v. | * | Civil No. JFM-05-1608 |
| | * | |
| MICROSOFT CORP. | * | |

*****

MEMORANDUM

On February 18, 2005, Plaintiff Michael I. Mark filed this lawsuit in the Court of Common Pleas of Beaufort County, South Carolina on behalf of himself and a class of indirect purchasers of Microsoft Windows and Internet Explorer in South Carolina. The complaint alleges that Defendant Microsoft Corp. engaged in illegal restraints of trade and thereby was unjustly enriched at the expense of the class.

This case is one of many filed by private plaintiffs against Microsoft since Judge Jackson's finding that the company engaged in anticompetitive behavior. *See United States v. Microsoft Corp.*, 84 F. Supp. 2d 9 (D.D.C. 1999). Plaintiff's claim arises out of his purchase of an "Intel-based computer with a Windows 98 operating system." Compl. ¶ 8. He claims that Microsoft's wrongdoing caused class members to pay inflated prices for Microsoft's software and that it "would be unjust for Microsoft to be permitted to retain the profits gained from its unfair and deceptive practices." Compl. ¶ 58-59. Plaintiff requests that Microsoft be disgorged of all money acquired through its "illegal and inequitable conduct." Compl. ¶ 59.

Microsoft removed the case to the United States District Court for the District of South Carolina. The Judicial Panel on Multidistrict Litigation transferred the case to this court for

consolidation with other federal and state law actions against Microsoft for anticompetitive behavior. Pending before this court is Microsoft's motion to dismiss. For the reasons stated below, the motion will be granted.

I.

The United State Supreme Court has held that indirect purchasers cannot recover under federal antitrust laws. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 729 (1977). The Court recognized that allowing suits by indirect purchasers would permit "potential plaintiffs at each level in the distribution chain . . . to assert conflicting claims to a common fund -- the amount of the alleged overcharge -- by contending that the entire overcharge was absorbed at that particular level in the chain." *Id.* at 737. Indirect purchaser claims would "greatly complicate and reduce the effectiveness of already protracted treble-damages proceedings." *Id.* at 732. In addition to the difficulty of apportioning recovery among so many plaintiffs, such claims "would create a serious risk of multiple liability for defendants." *Id.* at 730.

South Carolina courts follow federal law in antitrust matters. *See Drs. Steur & Latham, P.A. v. Nat'l Med. Enters.*, 672 F. Supp. 1489, 1521 (D.S.C. 1987) ("South Carolina has long adhered to a policy of following federal precedents in matters relating to state trade regulation enforcement."); *In re Wiring Device Antitrust Litig.*, 498 F. Supp. 79, 87 (E.D.N.Y. 1980) (noting "South Carolina policy that state antitrust laws be interpreted consistently with federal antitrust precedent"); *S.C. Cotton Growers' Co-Op Ass'n v. English*, 133 S.E. 542, 543 (S.C. 1926) (using federal precedent to construe South Carolina antitrust statute). More specifically, a court has found that South Carolina adopts the rule of *Illinois Brick* that indirect purchasers cannot recover under state antitrust laws. *See In re Wiring Device*, 498 F. Supp. at 88 ("Pursuant

to South Carolina law, this court must, under Erie, follow the rule of *Illinois Brick* limiting recovery under the South Carolina antitrust statute to direct purchasers.")

Plaintiff argues that the district court's decision in *In re Wiring Device* that South Carolina adopts the rule of *Illinois Brick* is "non-binding . . . dictum." Pl.'s Opp'n at 6. While the decision may not be binding, this court has no reason to disagree with it. The district court cited numerous sources to show the "South Carolina policy that state antitrust laws be interpreted consistently with federal antitrust precedent" and correctly noted that "[f]ailure to apply *Illinois Brick* in this action would create the same problems the Supreme Court sought to avoid when it rendered the decision." *See In re Wiring Device*, 498 F. Supp. at 87. Moreover, Plaintiff fails to cite a single decision, state or federal, contradicting the decision in *In re Wiring Device* or holding that indirect purchasers may in fact recover under South Carolina law. Instead, Plaintiff argues that the phrase "[a]ny person" in § 39-3-30 of the South Carolina antitrust statute can only reasonably be construed to include indirect purchasers. This assertion is contradicted by the fact that the identical phrase is used in the relevant federal statute, which was held not to include indirect purchasers. *See Illinois Brick*, 431 U.S. at 724 n.1.

II.

A.

Plaintiff attempts to circumvent South Carolina's rule that indirect purchasers may not recover under state antitrust laws by recasting his claim as a common law claim for "unjust enrichment." Plaintiff makes reference to other states that adopt the rule of *Illinois Brick* but nonetheless permit such unjust enrichment claims under state statutes. *See, e.g., Ciardi v. Hoffman-LaRoche, Ltd.*, 762 N.E.2d 303, 308 (Mass. 2002) (finding that indirect purchasers of

3

vitamin products had standing to sue for anticompetitive conduct under Massachusetts consumer protection statutes even though they had no standing to bring such claims under the Massachusetts Antitrust Act). Plaintiff's claim, however, does not arise under a South Carolina statute. It is a common-law claim for unjust enrichment. Thus, the specific bar on indirect purchaser recovery incorporated into South Carolina's antitrust statutes prohibits Plaintiff's general common-law claim. *See Nat'l Adver. Co. v. Mount Pleasant Bd. of Adjustment*, 440 S.E.2d 875 (S.C. 1994) ("Where conflicting provisions exist, the last in point of time or order of arrangement prevails.. . . Specific laws prevail over general laws."); *see also In re Microsoft Corp. Antitrust Litig.*, 241 F. Supp. 2d 563, 565 (D. Md. 2003) (holding that Kentucky's statutory bar on indirect-purchaser recovery also prohibits common law unjust enrichment claims under Kentucky law); *Berghausen v. Microsoft Corp.*, 765 N.E.2d 592, 596 n.4 (Ind. App. 2002) (finding no common law claim under Indiana law for indirect purchasers in view of statutory prohibition against indirect-purchaser recovery). Furthermore, to allow Plaintiff's claim on behalf of indirect purchasers would be to invite the same problems of multiple liability and duplicative recovery that the Supreme Court sought to avoid in *Illinois Brick*.

B.

Even if indirect purchasers could bring unjust enrichment claims under South Carolina common law, Plaintiff has failed to state such a claim.

Under South Carolina law, a plaintiff bringing a claim for unjust enrichment must establish three elements: "(1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value." *Columbia

*Wholesale Co. v. Scudder May N.V.*, 440 S.E.2d 129, 130 (S.C. 1994). As part of the claim, the plaintiff must establish the existence of a duty owed to him or her by the defendant. *See Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 532 S.E.2d 868, 873 (S.C. 2000) ("[S]ince the only duty on the City is that imposed by the Due Process Clause of the federal constitution, and since that duty is fulfilled . . . we do not perceive any inequity in not requiring the City to reimburse the hospital.").

*Pitts v. Jackson Nat'l Life Ins. Co.*, 574 S.E.2d 502 (S.C. Ct. App. 2002) is directly on point. There, the plaintiff purchased an insurance policy from an insurance agent with whom he had no previous relationship and later discovered that he was eligible for a less expensive policy. *Id.* at 505. He alleged that by failing to disclose the existence of the other policy, the insurance company had been unjustly enriched at his expense. The South Carolina Court of Appeals held that the plaintiff "failed to establish any duty to disclose or other cause of action that would allow recovery for unjust enrichment." *Id.* at 512. The court further noted that "there was no breach of fiduciary duty" and the plaintiff "paid for his policy as part of a commercial transaction." *Id.*

As in *Pitts*, Plaintiff here has failed to establish a duty owed to him by Microsoft. Plaintiff paid for Microsoft products as part of a voluntary commercial transaction; he does not allege overcharge by fraud, accident, or mistake of fact. Although Plaintiff refers to Microsoft's duty to "not engage in unlawful and anticompetitive conduct," this duty cannot form the basis for an unjust enrichment claim. In *Pitts*, the court rejected a similar attempt to satisfy the duty requirement by creating an implied duty based on a statute, holding that a law forbidding insurance discrimination "cannot be read as creating an implied duty to inform the applicant of

5

all available policies." *Id.* at 513.  Likewise, here, South Carolina antitrust law cannot be read to create a duty owed by Microsoft to indirect purchasers of its products.  Furthermore, by seeking to rely upon antitrust law to create Microsoft's duty, Plaintiff demonstrates that his unjust enrichment claim is little more than a stand-in for the state law antitrust claim he cannot bring as an indirect purchaser.

A separate order granting Defendant's motion to dismiss is being entered herewith.


<u>November 2, 2005</u>          /s/_____
Date                             J. Frederick Motz
                                 United States District Judge