IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION ) ) ) | MDL Docket No. 1332 |
| This document relates to: ) ) | Hon. J. Frederick Motz |
| *Daisy Mountain Fire District* ) *v. Microsoft Corp.,* ) Civil Action No. JFM-07-2851 ) ) | |

**FINAL JUDGMENT**

This Final Judgment is entered upon final approval of the settlement presented in this proceeding ("Settlement") that is described in the Settlement Agreement dated May 18, 2009 ("Settlement Agreement"), and the Appendices attached to the Settlement Agreement.

1. For purposes of this Final Judgment, the following terms shall have the meaning set forth below:

"All Claims" means any and all claims, whether legal, equitable, injunctive, or regulatory, for damages, fines, penalties, restitution or disgorgement or any other relief from or against Microsoft or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, that any member of the Settlement Class ever had, could have had, now has or hereafter can, shall or may have, relating in any way to any conduct, act or omission that is the subject matter of the Complaint filed in the Lawsuit and which arise from or relate to the purchase, use and/or acquisition of a license for Microsoft Operating System and/or Microsoft Application software where the claims, demands, actions, suits or causes of action concern or relate to any of the following: (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1 *et seq.,* and A.R.S. §§ 44-1401 *et seq.),* (b) unfair

competition, (c) unfair practices, (d) price discrimination, (e) trade regulation, (f) trade practices, and/or (g) other federal or state law, regulation or common law similar or analogous to any of the above. "All Claims" does not include claims relating to the acquisition or licensing of Microsoft Operating System or Microsoft Application software for use outside of Arizona. "All Claims" does not include claims relating to Microsoft's conduct, acts or omissions that take place after December 31, 2008. However, "All Claims" does include any and all claims referenced above relating to Microsoft's conduct, acts or omissions that occurred on or prior to December 31, 2008 and should be construed broadly to the maximum extent permitted by law.

"Counsel for the Settlement Class" means Keller Rohrback L.L.P. and Keller Rohrback P.L.C.

"Microsoft" means Microsoft Corporation, its successors, assigns and subsidiaries.

"Microsoft Application" means versions of "Word" word processing applications and Excel spreadsheet applications (other than Word or Excel applications exclusively for servers or personal digital assistants ("PDAs")) that were licensed either on a standalone basis or included in productivity suite applications for use with either MS-DOS or Windows, and that were available for purchase at any time on or before December 31, 2008.

"Microsoft Operating System" means versions of MS-DOS and Windows operating system software (other than operating system software exclusively for servers or PDAs) that were available for purchase at any time on or before December 31, 2008.

"Settlement Benefits" means the benefits made available directly to the Eligible Members of the Settlement Class pursuant to the terms of the Settlement Agreement. The amount of Settlement Benefits payable under this Settlement Agreement is exactly $4,415,258.00.

"Settlement Class" means all government entities located in Arizona (excluding the federal government, foreign governments and government entities from states other than Arizona) that indirectly licensed Microsoft Operating System software and/or Microsoft Application software between May 18, 1994 and December 31, 2008 and did not obtain such software for purposes of resale.

2. This case is dismissed with prejudice.

3. By this Final Judgment, Microsoft is expressly and irrevocably, fully and finally, released and forever discharged from All Claims by all members of the Settlement Class who did not file valid requests for exclusion from the settlement (and their departments, subdivisions, agencies and other subsidiary organizations that are part of or operate under the authority of any member of the Settlement Class) as provided in the release contained in section III of the Settlement Agreement. The release is attached to this Final Judgment as Exhibit A.

4. All counsel for the Settlement Class, and all members of the Settlement Class who did not file valid requests for exclusion from the settlement (and their departments, subdivisions, agencies and other subsidiary organizations that are part of or operate under the authority of any member of the Settlement Class), as well as those acting in concert with them, are permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing, either directly or indirectly, all claims, demands, actions, suits and causes of action against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, that are released under paragraph 3 above.

5. Only members of the Settlement Class that have filed valid requests for exclusion under Section II.F of the Settlement Agreement are excluded from the Settlement Class and are not bound by the release contained in the Settlement Agreement and paragraphs 3 and 4 above.

6. Each party to the Settlement shall bear its own costs and the fees and expenses of its counsel, except as directed in this Court's Order Certifying Settlement Class and Approving Settlement. Counsel for the Settlement Class on behalf of all counsel for plaintiff in this litigation, are awarded fees, costs and expenses of litigation incurred during the litigation in the amount of: $ 836,386.46. Counsel for the Settlement Class is responsible for allocating payment of the fees and costs among plaintiff's counsel. Daisy Mountain Fire District is awarded an incentive payment of $10,000. After making the payments as required by this paragraph, Microsoft and Counsel for the Settlement Class shall have no further obligation to pay attorneys' fees, costs or expenses of this litigation incurred by any of plaintiff's counsel. However, Microsoft will pay those costs described in section IV.E of the Settlement Agreement.

7. The terms of the Settlement Agreement are not merged into this Final Judgment and remain binding upon the parties to the Settlement Agreement, who are directed to implement its provisions.

8. The Court retains jurisdiction over the parties to enforce the terms of this Final Judgment and the terms of the Settlement Agreement, including all proceedings that are not the subject of a pending appeal. However, there being no just reason for delay, this Final Judgment is final and appealable.

IT IS SO ORDERED.

DATED this ___ day of _____, 2009.

_____
The Honorable J. Frederick Motz
United States District Court Judge